OPINION
{¶ 1} Plaintiff-appellant, Glenn Nieman, appeals from two decisions of the Butler County Common Pleas Court, the first of which awarded defendant-appellee, Bunnell Hill Development Co., Inc., a default judgment against Nieman, and the second of which denied Nieman's Civ.R. 60(B) motion for relief from that default judgment.
 {¶ 2} Nieman is the owner and operator of Big Dog's Pizza, which is located in the Bethany Station Shopping Center on Cincinnati-Dayton Road, in Bethany, Ohio. Bunnell Hill owns the shopping center, and leases space there to tenants like Nieman.
 {¶ 3} On April 30, 2001, Nieman filed an amended complaint, seeking to have Bunnell Hill enjoined from leasing the spaces on either side of his pizzeria, which Nieman contended were subject to his "first right of refusal" under the terms of the parties' lease. Bunnell Hill filed an answer and counterclaim in response. In its counterclaim, Bunnell Hill averred that there was a provision in the lease that imposed a $15 per day late charge if Nieman failed to pay, within ten days, any rent or other charge that became due. In its prayer for relief, Bunnell Hill requested that it be awarded judgment for, among other things, "past due fixed rent and other charges due and owing as of the date of judgment, plus pre-judgment interest thereon[.]" Nieman failed to respond to Bunnell Hill's counterclaims.
 {¶ 4} On January 17, 2002, Bunnell Hill moved for default judgment on its counterclaims, requesting judgment against Nieman in the amount of $2,625. Nieman again failed to respond. On February 25, 2002, the trial court granted Bunnell Hill's motion for default judgment, and directed it to prepare a final judgment entry within ten days. On March 8, 2002, Nieman voluntarily dismissed his claims against Bunnell Hill. On March 20, 2002, the trial court entered default judgment in favor of Bunnell Hill in the amount of $2,625 for delinquent rent and $9,975 for the $15 per day late fee, for the period from May 1, 2000 through February 25, 2002, for a total judgment of $12,600.
 {¶ 5} On April 25, 2002, Nieman moved for relief from default judgment, pursuant to Civ.R. 55(B) and 60(B). On August 2, 2002, the trial court denied Nieman's motion.
 {¶ 6} On October 17, 2002, Nieman filed a notice of appeal from the March 20, 2002 entry, granting Bunnell Hill's motion for default judgment, and the August 2, 2002 entry denying his motion for relief from default judgment. Nieman raises two assignments of error on appeal.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "The court of common pleas erred in entering judgment against appellant."
 {¶ 9} Assignment of Error No. 2:
 {¶ 10} "The court of common pleas erred in denying appellant's motion for relief from judgment."
 {¶ 11} Before addressing these assignments of error, we must first determine if Nieman filed a timely notice of appeal from the decisions he now seeks to challenge. App.R. 4(A) requires a party's notice of appeal to be filed "within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in [Civ.R.] 58(B) * * *." This requirement is jurisdictional, and a failure to comply with it requires dismissal of the appeal. Donofrio v.Amerisure Ins. Co. (1990), 67 Ohio App.3d 272, 276.
 {¶ 12} "App.R. 4(A) * * * contains a tolling provision that applies in civil matters when a judgment has not been properly served on a party according to Civ.R. 58(B). Civ.R. 58(B) requires the court to endorse on its judgment `a direction to the clerk to serve upon all parties * * * notice of the judgment and its date of entry upon the journal.' The clerk must then serve the parties within three days of entering judgment upon the journal. `The thirty-day time limit for filing the notice of appeal does not begin to run until the later of (1) entry of the judgment or order appealed if the notice mandated by Civ.R. 58(B) is served within three days of the entry of the judgment; or (2) service of the notice of judgment and its date of entry if service is not made on the party within the three-day period in Civ.R. 58(B).' * * *." In re Anderson, 92 Ohio St.3d 63, 67,2001-Ohio-131. (Citation omitted.)
 {¶ 13} Here, the record shows that Nieman's notice of appeal was filed nearly seven months after default judgment had been entered against him, and more than two and a half months after his Civ.R. 60(B) motion had been denied. However, there is no indication in the record that Nieman was ever served with notice, as mandated by Civ.R. 58(B), of either of the judgment entries he is now appealing. Consequently, the 30-day time limit for filing a notice of appeal set forth in App.R. 4(A) never began to run as to either of those judgment entries. In re Anderson,92 Ohio St.3d at 67.
 {¶ 14} Bunnell Hill argues that Nieman's notice of appeal should be considered untimely because the record indisputably shows that Nieman had actual notice, by no later than April 25, 2002, of the default judgment entered against him, since Nieman moved for relief from the default judgment on that date. This contention arguably has some merit. In fact, this court has recently held that the 30-day time limit set forth in App.R. 4(A) was triggered when the appellant filed a Civ.R. 60(B) motion from the judgment entries he was attempting to appeal and, thus, dismissed appellant's appeal from several judgment entries as untimely. See Douglas, Admr. of the Estate of Eric Mee, v.Franklin S. L. (Nov. 7, 2003), Clermont App. No. CA2003-07-060 (Magistrate's Findings of Fact, Conclusions of Law, Recommendation and Order Regarding Motion to Dismiss Appeal).
 {¶ 15} However, even if we were to hold that Nieman's appeal from the trial court's default judgment entry was untimely, that would still leave Nieman's appeal from the trial court's denial of his Civ.R. 60(B) motion. Even Bunnell Hill acknowledges that that appeal has to be regarded as having been timely filed. Therefore, we must determine if the trial court erred by overruling Nieman's Civ.R. 60(B) motion.
 {¶ 16} To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that he (1) has a meritorious claim or defense to present if relief is granted; (2) is entitled to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5); and (3) has filed the motion for relief from judgment within a reasonable time, or, if the grounds for relief are Civ.R. 60(B)(1), (2), or (3), within one year from the date of judgment. GTE AutomaticElec., Inc. v. ARC Indus. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A trial court's decision to grant or deny a Civ.R. 60(B) motion is within its sound discretion. Doddridge v.Fitzpatrick (1978), 53 Ohio St.2d 9, 12.
 {¶ 17} The trial court acknowledged that Nieman filed his Civ.R. 60(B) motion in a timely manner, but found that Nieman had failed to establish that he was entitled to relief under one of the grounds listed in Civ.R. 60(B)(1) through (5). However, in this case, the record fails to show that a hearing was held on Bunnell Hill's application for default judgment, or that Nieman was given seven days notice prior to such a hearing. The trial court found, and Bunnell Hill now argues on appeal, that the decision to hold a hearing is within the trial court's discretion. We disagree with this assertion.
 {¶ 18} Civ.R. 55(A) states:
{¶ 19} "(A) Entry of judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor * * *. If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall when applicable accord a right of trial by jury to the parties."
 {¶ 20} Civ.R. 55(A) requires that a hearing be held on an application for default judgment if the party against whom default judgment is sought "has appeared in the action." The rule also requires that that party be served with written notice of the application at least seven days prior to the hearing. In all cases, Civ.R. 55(A) does give the trial court discretion to "conduct such hearings or order such references as it deems necessary and proper[,]" should it become "necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter," if it would "enable the court to enter judgment or to carry it into effect[.]" However, Civ.R. 55(A) clearly mandates that at least one hearing be held on a motion for default judgment where the defaulting party has appeared.
 {¶ 21} Here, there is little question that Nieman "appeared in the action" for purposes of triggering the seven-day notice requirement of Civ.R. 55(A), since Nieman himself initiated the action. See AMCA Internatl. Corp. v. Carlton (1984),10 Ohio St.3d 88, 90. Bunnell Hill does not contend otherwise. There is also no question that Nieman was not given the seven-day notice of the hearing, nor was a hearing even held. This failure constitutes grounds for relief under Civ.R. 60(B)(5), which allows the trial court to relieve a party from a final judgment for "any other reason justifying relief from the judgment." InBeasley v. Ishman (Sept. 20, 1990), Cuyahoga App. No. 57482, an appellate court held that a trial court abused its discretion by not granting relief under the catch all provision of Civ.R. 60(B)(5), where the trial court had erroneously granted a default judgment without giving a party the notice he was entitled to under Civ.R. 55(A). Because Nieman was not given a hearing with the seven-days notice to which he was entitled under Civ.R. 55(A), Nieman had grounds for relief under Civ.R. 60(B)(5).
 {¶ 22} Nieman also had to show that he had a meritorious claim or defense to present if relief was granted in order to prevail on his Civ.R. 60(B) motion. We doubt that he has such a claim or defense to present in this case. For instance, Nieman asserts that the trial court erred by granting default judgment in Bunnell Hill's favor in the amount of $12,600, which included an amount for the $15 per day late fee, because it did not request that specific amount in the prayer for relief in its answer and counterclaim, and, indeed, requested damages of only $2,625 for delinquent rent in its motion for default judgment. We disagree with this argument.
 {¶ 23} Civ.R. 54(C) provides that "[a] judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." The term "demand for judgment" refers to a prayer for relief in a pleading, such as a counterclaim, not a prayer for relief in a motion. See Civ.R. 8, which contains the general rules of pleading, and which describes one of the necessary elements of a claim for relief, such as a counterclaim, as a "demand for judgment." The purpose behind Civ.R. 54(C) is to give a party notice of what its liability may be if it fails to raise a defense to the action. See Fink, Greenbaum, and Wilson, Guide to the Ohio Rules of CivilProcedure (2004 Ed.) 54-16, Section 54:10.
 {¶ 24} In this case, Bunnell Hill averred in its counterclaim that there was a provision in the parties' lease that imposed a $15 per day late charge if Nieman failed to pay, within ten days, any rent or other charge that became due. In its prayer for relief, Bunnell Hill requested that it be awarded judgment for, among other things, "past due fixed rent and other charges due and owing as of the date of judgment, plus pre-judgment interest thereon[.]" This was sufficient to place Nieman on notice of what he was sacrificing by failing to respond to Bunnell Hill's counterclaim. Bunnell Hill's failure to make a specific demand for money damages with respect to the $15 per day late charge in its prayer for relief did not prevent the trial court from awarding such damages to it, since Bunnell Hill's claim for damages was definite. See White Oak Communities, Inc. v.Russell (Nov. 9, 1999), Franklin App. No. 98AP-1563, cited in Fink, Greenbaum, and Wilson, at 54-16, Section 54:10.
 {¶ 25} Nevertheless, Nieman only needed to show that he had a colorable claim or defense to present if his motion for relief was granted. See Colley v. Bazell (1980), 64 Ohio St.2d 243,247, fn. 3 (movant's burden is to allege meritorious claim or defense, not prove its existence). Nieman has suggested that the $15 per day late fee constitutes an unenforceable penalty. Regardless, it is sufficient to constitute a colorable claim or defense. It is mandatory, where the defaulting party has appeared, that trial courts hold a hearing before entering default judgment, and that they give the party against whom the default judgment is sought seven days notice of that hearing, as called for by Civ.R. 55(A). That was not done here. The Ohio Supreme Court has reversed a trial court's decision to enter default judgment against a party who had appeared in the action, but who was not given seven days notice of the hearing on the application for default judgment, even where the appellate court had found that there was no evidence that the party had been prejudiced by the noncompliance with the seven-day rule. AMCAInternatl. Corp. v. Carlton, 10 Ohio St.3d at 89-91.
 {¶ 26} We conclude that the trial court abused its discretion by not granting Nieman relief from the default judgment, so that a hearing could be held on Bunnell Hill's application for default judgment, with Nieman being given seven days notice of the hearing. On remand, the trial court is instructed to comply with Civ.R. 55(A) before deciding whether to enter default judgment in this case. We wish to emphasize that nothing in this opinion should be read as relieving Nieman of his obligation to show why default judgment should not be entered against him for his failure to timely respond to Bunnell Hill's counterclaim. We are remanding this matter merely because a default judgment cannot be entered against a party who has appeared in an action without holding a hearing on the application for default judgment, and without giving that party seven days notice of the hearing, as required by Civ.R. 55(A).
 {¶ 27} Nieman's second assignment of error is sustained to the extent indicated. Nieman's first assignment of error has been rendered moot as a result of our ruling on his second assignment of error and, therefore, we decline to decide it. See App.R. 12(A)(1)(c).
 {¶ 28} The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion and in accordance with law.
Valen, P.J., and Young, J., concur.