OPINION
{¶ 1} Defendant-appellant, Nancy Christy, appeals a decision of the Butler County Court of Common Pleas, dismissing her motion to set aside judgment in a foreclosure action. We affirm the decision of the trial court.
 {¶ 2} This appeal stems from a foreclosure action filed by plaintiff-appellee, Washington Mutual Bank, F.A. On May 13, 2002, the trial court granted appellee's motion for summary judgment. The trial court concluded that the note secured by the mortgage was in default and ordered the mortgage foreclosed. No appeal was taken from the trial court's decision granting summary judgment.
 {¶ 3} On September 18, 2002, appellant filed a motion for temporary restraining order and preliminary injunction, in an attempt to restrain the Butler County Sheriff from selling the property as directed by the trial court. On September 30, 2002, the trial court granted the motion to strike filed by appellee. Appellant appealed from the trial court's decision granting the motion to strike. This court dismissed the appeal as appellant failed to raise any alleged error with regard to the entry granting the motion to strike. Rather, appellant's error alleged that summary judgment was improperly granted to appellee.
 {¶ 4} On February 25, 2003, appellant filed a Civ.R. 60(B) motion to set aside the May 13, 2002 entry granting summary judgment in favor of appellee. In an entry filed March 11, 2003, the trial court denied appellant's motion. She appeals, raising two assignments of error.
 {¶ 5} Assignment of Error No. 1:
 {¶ 6} "The lower court erred in denying Appellant's motion to set aside judgment."
 {¶ 7} The decision to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent a demonstration of an abuse of that discretion.Kay v. Marc Glassman, Inc. (1996), 76 Ohio St.3d 18,1996-Ohio-430. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Hopkins v.Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578, 581, citingWilmington Steel Prod., Inc. v. Cleveland Elec. Illum. Co.
(1991), 60 Ohio St.3d 120, 122.
 {¶ 8} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that she has a meritorious defense or claim to present if relief is granted; that she is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and that the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. A failure to establish any one of these three requirements will cause the motion to be overruled. Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20.
 {¶ 9} Appellant raises several claims. First, she alleges fraud in that appellee, "Washington Mutual Bank, is a non-existent corporation." She thus concludes that appellee's foreclosure action was "non-existent." Second, she alleges that the judgment is void because the pleadings fail to adequately support appellee's claim. Finally, she raises a host of other issues, none of which are supported by legal authority as required by App.R. 16(A)(7).
 {¶ 10} Our review of the record reveals that appellant has failed to present evidence of a meritorious defense to the foreclosure action, were her requested relief to be granted. While a movant is not required to support her motion with evidentiary materials, the movant "must do more than make bare allegations that * * * she is entitled to relief." Kay,76 Ohio St.3d at 20 citing Rose Chevrolet. Review of the record demonstrates that appellee supported its motion for summary judgment with evidence establishing all the essential elements of its claim. We thus conclude that the trial court did not abuse its discretion in denying appellant's motion to dismiss, and consequently overrule the first assignment of error.
 {¶ 11} Assignment of Error No. 2:
 {¶ 12} "The lower court erred by not providing a trial by jury which abridged Appellant's right protected by the 7th Amendment to the Constitution."
 {¶ 13} In her second and final assignment of error, appellant argues that the trial court violated her right to a jury trial by granting summary judgment in favor of appellee.
 {¶ 14} A litigant's constitutional right to a jury trial is not abridged by the proper granting of a motion for summary judgment. Tschantz v. Ferguson (1994), 97 Ohio App.3d 693, 714, citing Houk v. Ross (1973), 34 Ohio St.2d 77, 83-84. Because the trial court properly granted summary judgment to appellee, appellant was not denied her right to a jury trial. Id. Accordingly, we overrule appellant's second assignment of error.
 {¶ 15} Judgment affirmed.
Valen, P.J., and Young, J., concur.