OPINION
{¶ 1} Norbert M. Doellman appeals from an order of the Butler County Court of Common Pleas, which denied his motion for relief from judgment, pursuant to Civ.R. 60(B).
 {¶ 2} According to the complaint, Doellman performed collection-related legal services for First National Bank of Southwestern Ohio nka First Financial Bank N.A. ("FNB") for approximately twenty years. Doellman handled these collection matters on a contingency basis. During the last few years of Doellman's relationship with FNB, he turned over between $2,000 and $7,000 in collections per month to the bank. In March 2001, FNB terminated Doellman as one of its attorneys and hired new counsel. At the time of his termination, Doellman held over 150 of FNB's collection files. Despite repeated requests, Doellman failed to return those files, to provide an accounting of his collection activities, and to turn over all funds received on behalf of FNB.
 {¶ 3} Consequently, on June 22, 2001, FNB filed an action against Doellman, alleging breach of contract, unjust enrichment, conversion and an action for replevin. Doellman denied the allegations and brought counterclaims of tortious interference with contract and of tortious repossession of his van. Doellman's answer included a jury demand.
 {¶ 4} On September 26, 2001, FNB requested discovery from Doellman. That request was renewed on November 21 after Doellman claimed that he had not received the initial request. Although Doellman provided several income tax returns and collection files to FNB, he did not supply a substantial portion of the requested information. In 2002, Doellman filed a motion for a protective order, claiming that the discovery requests were overly burdensome. FNB responded with a motion to compel discovery. After a hearing on the motions, which Doellman did not attend, the court granted the motion to compel discovery and overruled Doellman's motion for a protective order. (Although counsel for FNB faxed a copy of a proposed order to Doellman, it is unclear whether Doellman was ever served with the order once it had been signed by the trial judge.)
 {¶ 5} After Doellman failed to comply with the court's discovery order, FNB sought sanctions against Doellman. A hearing on the motion was scheduled for June 6, 2002. Doellman apparently was not served with notice of the hearing, and he states that he learned of the hearing on June 5. Doellman did not attend the hearing and did not file a response to the motion for sanctions. After the hearing, the trial court ordered Doellman to turn over FNB's files and other requested documents within two days, entered judgment against Doellman and in favor of FNB on the issue of liability, dismissed Doellman's counterclaims, and ordered Doellman to pay FNB's costs and attorney fees related to the motion for sanctions. (It is again unclear whether Doellman was served with this order.) When Doellman failed to turn over the files within the prescribed time period, the trial court granted FNB's motion for access to his property to retrieve the files.
 {¶ 6} On July 12, 2002, FNB filed a notice that it would be taking Doellman's deposition on July 30, 2002. On the same day, Doellman sought a continuance in the case, indicating that he was no longer capable of representing himself due to major depression. He indicated that he had found counsel to represent him but that his new counsel would not be available during much of July. The trial court did not rule on Doellman's motion for a continuance. Doellman apparently did not appear for his deposition.
 {¶ 7} In January 2003, Doellman filed an affidavit of bias, claiming that the trial judge was biased against him. On January 24, the trial judge recused himself, and the case was transferred to another common pleas judge. The recusal order expressly stated that the February 3, 2003, trial date was not vacated. Accordingly, a trial was held on February 3, 2003, as scheduled. Doellman was not present. On February 11, 2003, the court entered judgment against Doellman in the amount of $279,292 and ordered him to provide an accounting to FNB, to turn over FNB's files and other requested documents, and to pay FNB's costs and attorney fees.
 {¶ 8} The record reveals that Doellman retained counsel for several months during 2003, during which the parties attempted to negotiate a settlement. Apparently, no settlement was reached. On February 9, 2004, Doellman sought to disqualify the trial judge, again claiming that the judge was biased and that the case should be reassigned. The supreme court overruled the motion for disqualification. Doellman subsequently sought relief from the June 6, 2002, order and the February 11, 2003, judgment, pursuant to Civ.R. 60(B). That motion was denied on May 10, 2004.
 {¶ 9} Doellman appeals from the denial of his motion for relief from judgment. He raises five[1] assignments of error on appeal, which we will address in two groups.
 {¶ 10} "Judge pater erred by refusing to conduct the requested oral hearing for presentation of testimony and evidence in support of relief from judgement."
 {¶ 11} "Judge pater erred in denying relief from judgement."
 {¶ 12} In his first and second assignments of error, Doellman challenges the trial court's rulings on his motion for relief from judgment. In his first assignment of error, he claims that the trial court erred in failing to hold an evidentiary hearing on his motion. He states that he would have presented evidence of his defenses through at least seven witnesses, including himself. In his second assignment of error, Doellman claims that the trial court erroneously denied his motion for relief from judgment. He asserts that his motion specified that he has been suffering from a severe and lengthy illness and disability, that the trial court denied his demand for a jury trial, and that FNB admitted that it had fabricated testimony and evidence.
 {¶ 13} Beginning with the merits of Doellman's motion for relief from judgment, Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment."
 {¶ 14} "To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of syllabus; Veidt v. Cook, Butler App. No. CA2003-08-209, 2004-Ohio-3170, at ¶ 15. "A failure to establish any one of these three requirements will cause the motion to be overruled." Washington Mut.Bank, F.A. v. Christy, Butler App. No. CA2003-03-075, 2004-Ohio-92, at ¶ 8; Strack v. Pelton, 70 Ohio St.3d 172, 174, 1994-Ohio-107.
 {¶ 15} In overruling Doellman's motion, the trial court concluded that he had failed to allege sufficient operative facts which, if proven, would establish a meritorious defense. In establishing a meritorious defense for purposes of his Civ.R. 60(B) motion, Doellman was required "to set forth with sufficient clarity and particularity the facts that he claims entitle him to relief from judgment in order that the trial court may make a threshhold [sic] determination whether those facts, if proven, would entitled him to the relief requested." Borror v. Borror
(Oct. 15, 1987), Darke App. No. 1188-CA. If those facts, if proven, would not, as a matter of law, entitle Doellman to relief, then the trial court could properly deny the motion. Although Doellman was not required to support his motion with evidentiary materials, he must have presented more than mere general allegations or conclusions. Washington Mut. Bank
at ¶ 10. We review the trial court's determination for an abuse of discretion. Id. at ¶ 7.
 {¶ 16} In his motion for relief from judgment, Doellman argued that the judgment should be set aside due to his "severe and prolonged illness and disability" and because he did not receive notice of the February 11, 2003 final judgment. On appeal, he further asserts that the trial court denied his right to a jury trial and that FNB had fabricated testimony during the trial on damages.
 {¶ 17} We agree with the trial court that Doellman failed to show that he had a colorable claim or defense to present if his motion for relief from judgment was granted. See Nieman v. Bunnell Hill Dev. Co., Inc.,
Butler App. No. CA2002-10-249, 2004-Ohio-89, at ¶ 22. None of his alleged bases for relief from judgment — including the trial court's alleged errors — constitute a colorable claim or defense to FNB's action. Although we are not unsympathetic to Doellman regarding his severe depression and the difficulty it has caused him in defending against FNB's action, his illness is not a claim or defense to the FNB's claims against him. Likewise, failure to receive notice of the final judgment is not a claim or defense against FNB's claims. Accordingly, the trial court did not err in denying his motion for relief from judgment.
 {¶ 18} The second assignment of error is overruled.
 {¶ 19} The trial court also did not err in failing to hold a hearing before denying Doellman's motion. In Kay v. Marc Glassman, Inc.,76 Ohio St.3d 18, 1996-Ohio-430, the Ohio Supreme Court discussed when an evidentiary hearing on a Civ.R. 60(B) motion is required. The Court stated that "[i]f the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." Id. at 19 (quoting Coulson v. Coulson [1983], 5 Ohio St.3d 12, 16). We find no abuse of discretion in the trial court's failure to conduct a hearing. As stated supra, Doellman's motion did not allege facts which are sufficient to grant Civ.R. 60(B) relief. Because Doellman's motion was insufficient to raise questions of fact necessitating a hearing, no hearing was required.
 {¶ 20} The first assignment of error is overruled.
 {¶ 21} "Judge pater erred by dismissing the demanded jury and deciding the damages against me himself based upon fabricated Testimony."
 {¶ 22} "Judge sage erred in proce[e]ding with the june 6, 2002 hearing after his bailiff told me not to attend this hearing."
 {¶ 23} "Judge sage erred in entering judgement against defendant on complaint and counterclaims as a discovery sanction."
 {¶ 24} In his third, fourth and fifth assignments of error, Doellman challenges aspects of the June 6, 2002 hearing on FNB's motion for sanctions and the February 3, 2003 damages trial. Specifically, he claims that the trial judge erred in proceeding with the June 6 hearing after his bailiff told Doellman that he need not attend. Doellman also asserts that the trial court should not have dismissed his counterclaims as a discovery sanction. Doellman further claims that the trial judge erred in ignoring his jury demand, in holding a bench trial on damages, and in relying upon fabricated testimony.
 {¶ 25} FNB responds that these claimed errors should have been raised in a timely appeal following the entry of the February 11, 2003 final order, and therefore these assignments of error are not properly before the court. It argues that Doellman cannot use Civ.R. 60(B) as a substitute for an appeal. FNB further asserts that the trial court did not err in holding a bench trial, because "Doellman deprived himself of a jury trial by repeated and constant refusal to obey the orders of the Court in conducting the case." In addition, FNB contends that, because the record does not contain transcripts of the hearings and the trial, we must presume the regularity of those proceedings and we cannot review the alleged errors.
 {¶ 26} At the outset, we agree with FNB that Doellman cannot raise the third, fourth, and fifth assignments of error in this appeal of the trial court's denial of his Civ.R. 60(B) motion. It is well-established that a motion under Civ.R. 60(B) may not be used as a substitute for a direct appeal. Elfers v. Elfers, Clermont App. No. CA2002-11-088, 2003-Ohio-4614, at ¶ 8, citing Doe v. Trumbull Cty. Children Servs. Bd. (1986),28 Ohio St.3d 128. Doellman's claims that the trial court's actions were procedurally erroneous and were based on improperly admitted evidence are issues which are properly raised on direct appeal. See AMCA Internatl.Corp. v. Carlton (1984), 10 Ohio St.3d 88 (reversing on direct appeal a grant of default judgment where the trial court failed to hold a hearing as required by Civ.R. 55[A]). Because Doellman's third, fourth and fifth assignments of error should be raised on direct appeal and he has appealed only from the denial of his motion for relief from judgment, the assignments of error are overruled.
 {¶ 27} FNB has asserted (and Doellman apparently agrees) that the time for the filing of a direct appeal of the February 11 final judgment has passed. Upon review of the record, we question whether Doellman is, in fact, precluded from bringing a timely appeal. App.R. 4(A) provides that "[a] party shall file the notice of appeal * * * within thirty days ofthe later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Id. (Emphasis added.) Civ.R. 58(B) states:
 {¶ 28} "Notice of filing. When a court signs a judgment, the court shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal. Within three days of entering the judgment upon the journal, the clerk shall serve the parties * * * and note the service in the appearance docket. Upon serving the notice and notation of the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."
 {¶ 29} As argued by Doellman, the record suggests that Doellman was not served by the clerk with several of the trial court's entries, including the February 11, 2003 final judgment. Although the order included a direction to the clerk to serve all parties and the docket sheet states "copy or notice issues to attorney or parties of record by regular mail," the docket entry specifies only that service by ordinary mail was made to FNB, care of Attorney Vincent Mauer. There is no indication that Doellman was likewise served in accordance with Civ.R. 58(B). Due to Doellman's appearance and participation in the action, he was not in default.
 {¶ 30} Because Doellman proceeded to file a motion for relief from judgment, it is apparent that he obtained knowledge of the final judgment. (The date that he learned of the final judgment is not in the record.) Actual knowledge of the judgment, however, is not sufficient to start the time for appeal. Wheeler v. Denny's Inc. (Mar. 11, 1993), Montgomery App. No. 13517; Welsh v. Tarentelli (1992),76 Ohio App.3d 831. As stated in Whitehall ex rel. Fennessy v. BambiMotel (1998), 131 Ohio App.3d 734, "receiving a copy of the judgment is not enough. Service of both the notice of the judgment and its date of entry upon the journal is required. Even then, the time for appeal does not start to run until the clerk makes a notation of the service in the appearance docket. Civ.R. 58(B)." Id. at 741. Accordingly, if, as the record suggests, Doellman did not receive service of the February 11, 2003 final judgment and the date of its entry on the journal in accordance with Civ.R. 58(B), his time to appeal that ruling has never begun to run. See In re Anderson, 92 Ohio St.3d 63, 2001-Ohio-131;Nieman, supra; In re Ratliff, Clermont App. Nos. CA2001-03-033, CA2001-05-050, 2002-Ohio-2070 at n. 1. Thus, Appellant might still be able to appeal from the final judgment. Id.; but, see, Douglas, Admin. ofthe Estate of Eric Mee v. Franklin S. L. (Nov. 7, 2003), Clermont App. No. CA2003-07-060 (dismissing appeal). As we indicated in Zuk v.Campbell (Dec. 30, 1994), Clermont App. No. CA94-03-018, Doellman's best course of action would be "to file a motion requesting the trial court to issue proper notice" and to file a timely appeal thereafter.
 {¶ 31} The third, fourth and fifth assignments of error are overruled.
 {¶ 32} The judgment of the trial court will be affirmed.
Brogan, J. and Fain, J., concur.
Brogan, J., Wolff, J., and Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution.
[1] Although they are substantively the same, Doellman's stated assignments of error do not match the headings used in the argument section of his brief. We have chosen to quote the more artfully crafted headings from the argument section of his brief.