{¶ 1} Norbert M. Doellman, pro se, appeals from a judgment of the Butler County Court of Common Pleas, which granted the motion of First National Bank of Southwestern Ohio, now known as First Financial Bank N.A. ("FNB"), for discovery sanctions and entered judgment in FNB's favor in the amount of $272,292.
 {¶ 2} This is Doellman's third appeal of this action to this court. We set forth the *Page 2 
procedural history of this case in our prior opinions, and we highlight several points herein.
 {¶ 3} Doellman performed collection-related legal services for FNB for approximately twenty years. In March 2001, FNB terminated Doellman's employment. At that time, Doellman held over 150 of FNB's collection files. When Doellman failed to return those files, to provide an accounting of his collection activities, and to turn over all funds received on behalf of FNB, FNB initiated litigation against Doellman, alleging breach of contract, unjust enrichment, conversion and an action for replevin. Doellman denied the allegations and brought counterclaims of tortious interference with contract and tortious repossession of his van.
 {¶ 4} On September 26, 2001, FNB requested discovery from Doellman. Although Doellman provided several income tax returns and collection files to FNB, he did not supply a substantial portion of the requested information. In 2002, Doellman filed a motion for a protective order, claiming that the discovery requests were overly burdensome. FNB responded with a motion to compel discovery. A hearing on the motions was held; Doellman did not attend. On April 22, 2002, the court granted the motion to compel discovery and overruled Doellman's motion for a protective order.
 {¶ 5} After Doellman failed to comply fully with the court's discovery order, FNB sought sanctions against Doellman. A hearing on the motion was scheduled for June 6, 2002. Doellman did not attend the hearing. He later asserted that he had spoken to the court's bailiff on the morning of the hearing while he was at the hospital with his parents due to a medical emergency, and that he had been told that he need not come. After the hearing, the trial court ordered Doellman to turn over FNB's files and other requested documents within two days, entered judgment against Doellman and in favor of FNB on the issue of liability, dismissed Doellman's counterclaims, and ordered Doellman to pay FNB's costs and attorney fees related to the motion for sanctions. *Page 3 
 {¶ 6} On February 3, 2003, the trial court, with a substituted trial judge, held a trial on damages. Doellman again was not present. On February 11, 2003, the court entered judgment against Doellman in the amount of $279,292 and ordered him to provide an accounting to FNB, to turn over FNB's files and other requested documents, and to pay FNB's costs and attorney fees.
 {¶ 7} In February 2004, Doellman sought relief from the June 6, 2002 order and the February 11, 2003 judgment, pursuant to Civ. R. 60(B). That motion was denied on May 10, 2004.
 {¶ 8} Doellman appealed the denial of his Civ. R. 60(B) motion. On February 22, 2005, we affirmed the trial court's decision.First NationalBank of Southwestern Ohio v. Doellman ("Doellman I"), Butler App. No. CA2004-06-0134, 2005-Ohio-679. We noted, however, that the record suggested that Doellman had not been served by the clerk with several of the trial court's entries, including the February 11, 2003 final judgment. Accordingly, we further stated that "if, as the record suggests, Doellman did not receive service of the February 11, 2003 final judgment and the date of its entry on the journal in accordance with Civ. R. 58(B), his time to appeal that ruling has never begun to run."
 {¶ 9} After remand, the clerk of courts served him with a notice of the February 11, 2003 judgment, and Doellman appealed for the second time, raising nine assignments of error. Upon review, we concluded that the trial court erred in holding the June 6, 2002 hearing in Doellman's absence when the uncontroverted evidence indicated that he had failed to attend the hearing based on a representation of the court's bailiff that he need not attend, and we remanded for a new hearing on the motion for sanctions.First National Bank of Southwestern Ohio v. Doellman("Doellman II"), Butler App. No. CA2005-05-127, 2006-Ohio-1663.
 {¶ 10} On May 9, 2006, the trial court held a new hearing on FNB's motion for *Page 4 
sanctions, which was attended by both parties. The court orally granted FNB's motion following the hearing, and it filed a written entry on May 17, 2006. The written entry found that sanctions were warranted, granted judgment to FNB as to liability, and dismissed Doellman's counterclaims with prejudice. On the same day, the trial court entered final judgment in favor of FNB in the amount of $272,292, and again ordered Doellman to provide an accounting to FNB, to turn over the requested documents, and to pay FNB's costs.
 {¶ 11} Doellman appeals from the May 17, 2006 judgment, raising four "issues," which we construe as assignments of error.
 {¶ 12} I. "THE TRIAL COURT ERRED IN GRANTING JUDGEMENT [SIC] WITHOUT ANY DETERMINATION THAT DISCOVERY WAS NOT PROVIDED OR THAT SANCTIONS WERE AWARDED."
 {¶ 13} In his first assignment of error, Doellman claims that the trial court erred in entering judgment against him, because it made no determination that he had failed to provide discovery or that sanctions were warranted.
 {¶ 14} In its May 17, 2006 ruling on the motion for sanctions, the trial court made the following findings:
 {¶ 15} "1. Defendant Doellman had actual notice of the April 22, 2002 order referenced above and failed to abide by the terms of that order. Defendant's arguments against sanctions are rejected. The Court has determined that the Defendant should be sanctioned for said failure;
 {¶ 16} "2. Judgment as to liability is granted to Plaintiff FNB on its claims against Defendant Doellman;
 {¶ 17} "3. Defendant Doellman's counterclaims against FNB are dismissed with prejudice at Defendant's cost; and
 {¶ 18} "4. Defendant Doellman is required to pay FNB's costs, including attorney fees, *Page 5 
incurred in bringing its Motion to Compel and its Motion for Sanctions. FNB may submit a damage amount to this Court."
 {¶ 19} The trial court's order expressly found that Doellman had failed to comply with the court's April 22, 2002 order, which granted FNB's motion to compel discovery. The trial court also expressly stated that sanctions should be imposed against him. Doellman's argument lacks merit.
 {¶ 20} The first assignment of error is overruled.
 {¶ 21} II. "IT IS ERROR TO IMPOSE SANCTIONS FOR FAILURE TO COMPLY WITH AN ORDER THAT WAS NEVER SERVED OR RECEIVED."
 {¶ 22} Doellman claims that the trial court should not have imposed sanctions, because he was not served with the April 22, 2002 order.
 {¶ 23} The trial court's May 17, 2006 order found that Doellman had actual notice of the April 22, 2002 order, and it rejected Doellman's arguments against the imposition of sanctions. Doellman has not provided a transcript of the sanctions hearing, and we presume the regularity of those proceedings.State v. Gregory, Clinton App. No. CA2006-05-16, 2006-Ohio-7037, ¶ 3. Moreover, as noted by FNB, we have previously stated that Doellman was placed on notice that sanctions could be awarded due to his failure to comply with April 22, 2002 order. SeeDoellman II at 24. Upon review of the record before us, we find no error in the trial court's ruling that Doellman had proper notice of the discovery order.
 {¶ 24} The second assignment of error is overruled.
 {¶ 25} III. "IT IS ERROR TO IMPOSE THE VICIOUS SANCTION OF DISMISSAL OF THE COUNTERCLAIM FOR INABILITY TO TIMELY PROVIDE DISCOVERY."
 {¶ 26} IV. "IT IS ERROR TO IMPOSE THE VICIOUS SANCTION OF JUDGEMENT [SIC] ON THE COMPLAINT FOR INABILITY TO TIMELY PROVIDE DISCOVERY."
 {¶ 27} In his third and fourth assignments of error, Doellman argues that the trial court *Page 6 
erred in imposing "vicious" sanctions due to his inability to provide complete discovery. Doellman reiterates that he has suffered from severe depression, which has caused him to be unable to respond completely to FNB's "extremely burdensome" discovery requests.
 {¶ 28} InDoellman II, we stated that Civ. R. 37(B)(2) permits dismissal of an action or rendering a judgment by default against a disobedient party for failure to comply with a discovery order, provided that counsel has been given notice before the dismissal. We concluded that, "[b]ecause FNB's motion for sanctions specifically requested dismissal of Doellman's counterclaims and judgment in its favor, Doellman was placed on notice that such sanctions could be imposed if he failed to comply with court's April 22, 2002 order." Id. at 24.
 {¶ 29} We further stated:
 {¶ 30} "On remand, the trial court must conduct a new hearing on FNB's motion for sanctions arising out of Doellman's alleged failures to comply with the court's discovery orders. Nothing in this opinion precludes the trial court from again dismissing Doellman's counterclaims and entering judgment in favor of FNB on its claims if the court finds that such sanctions are appropriate. Because Doellman received notice of the February 3, 2003 trial and failed to appear at his peril, the court need not revisit the issue of FNB's damages should it ultimately be determined that Doellman is liable to FNB on its claims." Id. at 45.
 {¶ 31} As stated above, the trial court rejected Doellman's arguments against the imposition of sanctions, which we assume included an argument that his depression impaired his ability to comply with the discovery order. We have no basis to conclude that the trial court's ruling was erroneous in that regard. Considering that the May 17, 2006 final judgment includes an order that Doellman provide an accounting to FNB and turn over the requested documents, it appears that Doellman has yet to comply fully with FNB's discovery requests, despite the considerable passage of time. In light of the court's conclusion that sanctions *Page 7 
were warranted, the court acted within its discretion when it again dismissed Doellman's counterclaims and entered judgment in favor of FNB on its claims.
 {¶ 32} The third and fourth assignments of error are overruled.
 {¶ 33} The judgment of the trial court is affirmed.
BROGAN, J., and FAIN, J., concur.
Brogan, J., Wolff, J., and Fain, J., of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 5(A)(3), Article IV of the Ohio Constitution. *Page 1