[Cite as *Purcell v. Schaefer*, 2014-Ohio-4894.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

JEFFREY T. PURCELL, et al.,                 :

    Plaintiffs-Appellants,              :          CASE NO.   CA2013-09-007

                         :          O P I N I O N
   - vs -                                                   11/3/2014

                         :

MARK SCHAEFER, et al.,                       :

    Defendants-Appellees.               :


CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 10CV028546


Jane E. Schreyer, 100 West Main Street, Eaton, Ohio 45230, for plaintiffs-appellants, Jeffrey T. and Stephanie Purcell

The Hobbs Law Office, H. Steven Hobbs 119 Commerce Street, P.O. Box 489, Lewisburg, Ohio 45338, for defendants-appellees, Mark Schaefer and Northcreek Crossing, Inc.


       **PIPER, J.**

     **{¶ 1}**   Plaintiffs-appellants, Jeffrey and Stephanie Purcell, appeal from a decision in the Preble County Court of Common Pleas granting judgment in favor of defendants-appellees, Mark Schaefer and his company Northcreek Crossing, Inc., following a jury trial. For the reasons detailed below, we affirm.

     **{¶ 2}**   This case arises from a real estate transaction for real property located at 103

Megan Trail, Lewisburg, Ohio located in Preble County. In short, appellants purchased a manufactured home from appellees that was too big for the lot and in violation of the Lewisburg zoning ordinances. Appellants claim that their property is essentially valueless based on the violations of the zoning ordinances. Following a lengthy dispute between the parties, and attempts to correct the situation, appellants filed suit alleging multiple claims for recovery, including fraud, breach of contract, and slander of title.

{¶ 3} The matter proceeded to a jury trial. Following the presentation of appellants' case-in-chief, the trial court granted a directed verdict to appellees on appellants' claim for slander of title. Thereafter, once appellees presented their defense, the jury returned a verdict in their favor finding no fraud or breach of contract. Appellants subsequently moved for relief from judgment pursuant to Civ. R. 60(B), which the trial court denied.

{¶ 4} Appellants now appeal, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE JURY VERDICT IN FAVOR OF DEFENDANTS/APPELLEES WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 7} In their first assignment of error, appellants argue the jury's verdict was against the manifest weight of the evidence. We disagree.

{¶ 8} As an appellate court, our review of a trial court's decision is limited to whether the judgment is against the manifest weight of the evidence. *Jones v. Holmes*, 12th Dist. Butler No. CA2012-07-133, 2013-Ohio-448, ¶ 24. The Ohio Supreme Court has confirmed that when reviewing the manifest weight of the evidence, an appellate court conducts the same analysis in both criminal and civil cases. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 12. As such, we weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the finder of fact "clearly lost its way and created such a manifest miscarriage of

- 2 -

justice that the [judgment] must be reversed and a new trial ordered." *Id.* at ¶ 20, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A court of appeals panel must act unanimously to reverse a jury verdict on the weight of the evidence. *Eastley* at ¶ 7.

{¶ 9} If the evidence presented to the trial court is susceptible to more than one interpretation, we are bound to give it the construction that is consistent with the trial court's judgment and finding of facts. *Jones* at ¶ 24. A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and the evidence submitted before the trial court. *Artisan & Truckers Cas. Co. v. JMK Transp., L.L.C.*, 12th Dist. Clermont No. CA2013-01-004, 2013-Ohio-3577, ¶ 25. The underlying rationale of this deferential standard rests with the understanding that "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Mike Castrucci Ford Sales, Inc. v. Hoover*, 12th Dist. Clermont No. CA2007-02-022, 2008-Ohio-1358, ¶ 19, quoting *Seasons Coal Co., Inc. v. City of Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶ 10} In order to establish a claim in fraud, the complaining party must show: (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material, (3) made falsely, with knowledge of its falsity or with reckless disregard for the truth, (4) with the intent to mislead, (5) justifiable reliance on the representation or concealment, and (6) injury proximately caused by such reliance. *Mertens v. Dever*, 12th Dist. Clermont No. CA2005-07-060, 2006-Ohio-100, ¶ 14, citing *Cohen v. Lamko, Inc.*, 10 Ohio St.3d 167, 169 (1984). On the other hand, to recover upon a breach-of-contract claim, a claimant must prove the following elements: (1) the existence of a contract, (2) that the plaintiff fulfilled its contractual obligations, (3) that the defendant failed to fulfill its contractual obligations, and (4) that the plaintiff incurred damages as a result. *Lamar Advantage GP Co. v. Patel*, 12th

Dist. Warren No. CA2011-10-105, 2012-Ohio-3319, ¶ 25.

{¶ 11} In the present case, the parties do not dispute that the manufactured home purchased by appellants does not presently meet the Lewisburg zoning specifications, as the city of Lewisburg requires additional footage on at least one side of the house. However, beyond that, the parties offer conflicting accounts of the transaction and the actions taken as a result of the zoning violations. In short, appellants claim they were defrauded, while appellees framed the dispute as a product of "buyer's remorse" and presented evidence that they have repeatedly attempted to correct the zoning issue to no avail, in part because appellants have refused to sign the necessary conveyance documents.

{¶ 12} The following evidence was presented at trial. Appellants attended an open house at Northcreek Crossing and toured a model home. While there, appellants discussed purchasing options with Schaefer, including different design specifications that they wanted in their house. As a result of the discussion, Schaefer walked appellants down the block and showed them a vacant lot that he believed would be a suitable location for a home matching their specifications. On August 19, 2003, appellants made an offer to purchase the undeveloped property and manufactured home according to the specifications agreed to by the parties. The deal closed on July 13, 2004.

{¶ 13} Appellant, Jeffrey Purcell, testified first on behalf of himself and his wife. Jeffrey stated that he had no knowledge of the zoning issues until after he had already signed the closing documents. According to Jeffrey, as soon as all of the documents were signed, Schaefer approached him and admitted that the house was too big for the lot, but promised to "make it right" by adding six additional feet to the property. Jeffrey testified that he did not really understand the gravity of the situation, but understood the additional land to be a gift.

{¶ 14} After closing the deal, Schaefer attempted to transfer the additional six feet to appellants, but was unsuccessful. Thereafter, the record reflects a lengthy gap between the

period that Schaefer attempted to convey the property and the subsequent re-opening of the issue between the parties.

{¶ 15} However, Jeffrey testified that on October of 2009, he became aware of another defect in the property, as the setback requirements also failed to comply with the Lewisburg zoning ordinances. As a result, Jeffrey stated that he wrote a letter to Schaefer to express his desire to clear the defects in the property. On February 18, 2010, Schaefer made a written promise to deed six additional feet of land at "no cost." Since that time, Jeffrey stated that Schaefer has presented appellants with multiple plans to add footage to the property. However, Jeffrey testified that he has not signed any of the documents, also referred to as "mylars," which would add additional land to the side of their home because the documents failed to remedy the entire zoning problem.[1]

{¶ 16} Chad Hoke, the director of land use management for Preble County, also testified at trial.[2] Hoke testified that one of the attempted conveyances of the land would not have been approved by his office because the acreage does not match the legal description of the land. However, Hoke also acknowledged that such errors are not uncommon. Hoke did not address the specific issues between the parties, as he testified that he was not aware of the entire dispute.

{¶ 17} In addition, Schaefer testified that he knew the house was too big for the lot and admitted that he did not tell appellants of the zoning issue "face to face" on the day of closing. However, Schaefer maintained that he informed appellants' agent, the surveyor, and the title company of the zoning issue. Schaefer also testified that he attempted to transfer

---

1. At trial, the parties referred to the replating or conveyance documents as "mylars." Testimony at trial reflects that the term "mylar" refers to the type of material--a type of plastic--that the conveyance plans are drawn on. We choose to use the term "documents" or "conveyance documents" for ease of discussion.

2. The land use management office is responsible for reviewing replats, maps, and documents referred to as "mylars" to make sure that the conveyance meets the conveyance standards for Preble County.

two deeds to appellants, one deed containing the additional footage for the property, which would join the lots together to remedy the defect, but the county denied his request to join the lots. Further, Schaefer stated that he now believed all three of the proposed conveyance documents would be accepted by the county and appellants needed to sign the documents in order to have the land transferred. In other words, Schaefer believed that appellants were putting "the cart before the horse" regarding the transfer of ownership of the land, as it was their delay and failure to sign the documents that has delayed the transfer of the land. However, Schaefer testified that he stands "ready, willing, and able" to provide appellants with an additional ten feet of property and a variance at no cost.

{¶ 18} In their defense, appellees called David Winemiller, a licensed engineer and land surveyor who surveyed the property owned by Schaefer and Northcreek Crossing. Winemiller testified that appellants' property needed additional land to be in conformity with zoning regulations. Winemiller also stated that he had drawn up the previous conveyance documents in an attempt to correct the defect. Although he acknowledged a minor error in the third attempted conveyance, Winemiller referred to the error as "scrivener's error" and testified that such a minor problem could easily be remedied. Furthermore, Winemiller testified that the village of Lewisburg has signed off on the replat and, absent the minor typographical error on the acreage, he did not see any reason why the conveyance document should not be recorded.

{¶ 19} In addition, Jeffrey Sewert, the village administrator for Lewisburg was called to testify. Sewert testified that two of the conveyance documents were sufficient to correct the zoning problem with Lewisburg. Sewert also testified that he believed appellants could obtain a variance through Lewisburg and he had provided the variance paperwork to them. Nevertheless, Sewert stated that, as of the date of trial, appellants have not applied for a variance, which would solve the zoning problem.

{¶ 20} Based on our review of the evidence, we find the jury did not clearly lose its way in rendering judgment in favor of appellees. This case came down to the credibility of the witnesses and whether appellants were able to meet their burden of proof. *See Fikri v. Best Buy, Inc.*, 12th Dist. Warren No. CA2013-06-051, 2013-Ohio-4869, ¶ 19 *(*"[t]he burden of proof is on the party bringing the action to prove the facts necessary for their case by a preponderance of the evidence"). Because the jury was not asked to provide responses to interrogatories, there is no specific information as to why the jury reached its conclusion. Nevertheless, although the record reflects a sincere belief on the part of appellants that they have been wronged, the jury, as trier of fact, disagreed. Specifically, the jury found that appellees did not defraud appellants and appellees were not liable for breach of contract. The jury may well have found that appellants failed to prove their reasonable damages or failed to establish any actionable wrongdoing on the part of appellees, as there was ample testimony regarding appellees attempts to correct the issue and appellants refusal to cooperate in any efforts to remedy the problem. In sum, there is evidence to support that finding and we will not speculate that the jury was biased or based their decision on the "popularity" of the parties. Therefore, as the jury's finding in favor of appellees is supported by the weight of the evidence, appellants' first assignment of error is overruled.

{¶ 21} Assignment of Error No. 2:

{¶ 22} THE TRIAL COURT ERRED IN OVERRULING PLAINTIFFS/APPELLANTS' 60(B) MOTION AFTER THE VERDICT.

{¶ 23} In their second assignment of error, appellants argue the trial court erred in denying their Civ.R. 60(B) motion for relief from judgment. Appellants allege that certain testimony presented by their own witness, Chad Hoke, was untruthful and amounted to unfair surprise during the course of the jury trial. As a result of further investigation conducted following the trial, appellants allege that a familial and business relationship existed between

Hoke and Schaefer. We find no merit to appellants' arguments.

{¶ 24} Pursuant to Civ.R. 60(B), "the court may relieve a party or his legal representative from a final judgment, order or proceedings" for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 25} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Electric v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. The moving party must establish all three requirements in order for the motion to be granted. *Robinson v. Miller Hamilton Venture, L.L.C.*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, ¶ 14. "Relief from judgment may be granted based on newly discovered evidence, but similar to Civ.R. 59, evidence that could have been discovered prior to trial by the exercise of due diligence does not qualify as newly discovered evidence." *Healey v. Goodyear Tire & Rubber Co.*, 9th Dist. Summit No. 25888, 2012-Ohio-2170, ¶ 16.

{¶ 26} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 17; *Cox v. Zimmerman*, 12th Dist. Clermont No. CA2011-03-022, 2012-Ohio-226, ¶ 14. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is

unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 27} Here, appellants essentially argue that they are entitled to relief from judgment based on "newly discovered evidence," relating to a tenuous familial or business relationship between Chad Hoke, appellants' own witness, and Schaefer. According to appellants, they were surprised by Hoke's testimony that the setback requirements are measured from the foundation of the home, instead of the "overhang" of the home. Appellants maintain that this testimony contradicted, and acted to impeach Jeffrey's own testimony that his house was out of compliance with setback requirements.[3]

{¶ 28} Appellants further allege that, after the trial, they conducted an internet search and "discovered" a familial and business relationship between the Hoke family and the Schaefer family, which they contend, influenced Hoke's testimony, therefore causing unfair surprise and prejudice at trial.[4] In support of this claim, appellants attached a printout from the website "Ancestry.com," as well as other documents purportedly indicating that Hoke and Schaefer are related by business and familial relationships.

{¶ 29} Based on our review, we find no error in the trial court's decision denying appellants' motion. Appellants' suggestion that their Civ.R. 60(B) motion should be granted, essentially, because they did not know or properly predict the answer in advance of the question asked is without merit. In fact, it was appellants who called Hoke to testify and had the opportunity to question him prior to trial. Through the exercise of due diligence, appellants could have discovered information relating to Hoke's alleged biases, relationships,

---

3. In his testimony, Jeffrey adamantly denied that setback measurements are taken from the foundation of the home and repeatedly asserted that setback measurements are taken from the "overhang" of the home.

4. We note that appellants do not specifically delineate which subsection of Civ.R. 60(B) they hope to utilize as a basis for their motion for relief from judgment, but instead make several suggestions, including "newly discovered evidence," "surprise," and falsified testimony in order to claim prejudice at trial.

or his understanding of setback requirements prior to the final judgment. There is simply nothing in the record to suggest that appellants or their counsel were misled or prejudiced by any testimony that they could not have discovered prior to trial.

{¶ 30} Moreover, the allegation that Hoke "incorrectly testified" based on a family or business relationship is entirely speculative and does not implicate any valid reason for ordering relief from judgment pursuant to Civ.R. 60(B). Relationships and even friendships are not automatically presumed to result in bias and biased testimony, which would also be subject to exposure through questioning at trial. *See* Evid.R. 616(A) ("Bias, prejudice, interest, or any motive to misrepresent may be shown to impeach the witness either by examination of the witness or by extrinsic evidence.")

{¶ 31} In sum, appellants have not set forth any valid reason for relief from judgment pursuant to Civ.R. 60(B). The alleged "new evidence" proffered by appellants is information that could have been discovered prior to trial. Furthermore, evidence of this alleged relationship, purportedly creating an incentive for Hoke to perjure himself, is based on speculation and conjecture. Accordingly, we find appellants' second assignment of error to be without merit.

{¶ 32} Judgment affirmed.

RINGLAND, P.J., and HENDRICKSON, J., concur.