[Cite as *Goebel v. Hopkins*, 2022-Ohio-4718.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| CHARLES E. GOEBEL, et al., | : | |
| Appellees, | : | CASE NO. CA2022-06-042 |
| | : | O P I N I O N |
| - vs - | | 12/28/2022 |
| | : | |
| TIMOTHY J. HOPKINS, | : | |
| Appellant. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CS003961


Thomas E. Grossmann, for appellees.

George M. Parker and H. Louis Sirkin, for appellant.


**PIPER, J.**

{¶1} Appellant, Timothy Hopkins, appeals the decision of the Warren County Court of Common Pleas denying his motion for relief from a judgment granting a civil protection order against him.[1]

---

1. Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.

{¶2} Charles Goebel lives with his wife, Diane Goebel, and his daughter Mitzi on Maxwell Drive in Mason, Ohio. In January 2007, the Goebels transferred a portion of their property to Kurlemann Homes. Charles maintains that the deed contained a restrictive covenant that prohibited the building of a driveway and garage on the east side of the transferred property.[2] Kurlemann Homes built a home in compliance with the restriction and then sold the property to Hopkins.

{¶3} On May 7, 2020, Charles learned from workers on Hopkins' property that a new driveway and garage were being constructed on the east side of Hopkins' home in violation of the restrictive covenant. Pursuant to Charles' request, a Mason Police Officer reported to serve as a neutral observer the following day when Charles and others went to advise Hopkins of the deed restriction. When Charles advised Hopkins of the restriction, Hopkins yelled profanities at him.

{¶4} Charles made further attempts to settle the dispute but was unsuccessful. Despite Charles' protestations, Hopkins allegedly began construction of the driveway and garage. In response, Charles filed a complaint and motion for a temporary restraining order in the Warren County Court of Common Pleas ("Property Dispute Case"). The Warren County Court of Common Pleas issued a temporary restraining order on May 26, 2020.

{¶5} On October 6, 2020, Charles filed a petition for a civil stalking protection order and sought an ex parte civil protection order. During the ex parte hearing, Charles testified that Hopkins had been harassing him since the disagreement over the new driveway and garage. He further testified that Hopkins had threatened to kill him in the courthouse lobby during a recess on a hearing in the Property Dispute Case. Following the hearing, the magistrate issued an ex parte civil protection order against Hopkins. A final hearing upon

---

2. The validity of the restriction is not at issue in this appeal.

Charles' petition for a civil stalking protection order commenced on November 18, 2020.

{¶6}  Charles' wife and daughter, Diane and Mitzi, testified at the final hearing. They variously testified that Hopkins played loud and offensive music at high volume and played sounds of gunshots, jackhammers, and barking dogs.  Mitzi testified that the volume was so loud that it caused the walls to vibrate and shake.  There was also testimony that Hopkins repeatedly screamed profanity at the Goebels, threatened to sic his dogs on them, threw bags of dog feces into their yard, and shined high-intensity lights into their windows. Diane further testified about an incident where Hopkins drove his car up on the curb in an apparent attempt to scare her while she was out walking the neighborhood.

{¶7}  Hopkins testified and generally denied harassing the Goebels.  He specifically denied threatening to kill Charles during the recess of the hearing in the Property Dispute Case.  The final hearing was continued in progress.  However, on February 4, 2021, the matter was settled when Hopkins consented to the issuance of a five-year civil protection order.  The consent agreement included a waiver of rights signed by Hopkins.

### Waiver

I, Timothy Hopkins understand that I have the right to a full hearing on the Petition for Civil Stalking Protections Order or Civil Sexually Oriented Offense Protection Order, and acknowledge each of the following:

1. I waive the right to have a full hearing on this Protection Order;

2. I waive the right to cross-examine witnesses and review evidence submitted in support of this Protection Order;

3. I waive the right to present witnesses and evidence on my own behalf;

4. I waive the right to request specific factual findings from the Court concerning the issuance of this Protection Order.

I understand that based on the waivers listed above, a Protection Order will be entered against me.

{¶8} On October 14, 2021, Hopkins filed a Civ.R. 60(B) motion for relief from the consent agreement. Hopkins stated that he was induced to enter into the consent agreement based upon alleged misrepresentations by Charles and his counsel regarding the death threat in the Property Dispute Case. Hopkins claimed that Charles misrepresented that a courthouse security deputy had witnessed the death threat and the threat was recorded by the courthouse surveillance camera. Hopkins asserted that the only threat Charles testified about at the ex parte hearing was in regard to the death threat in the Property Dispute Case and therefore Charles did not establish a "pattern of conduct" necessary to justify issuance of the ex parte civil protection order. Finally, Hopkins made broad and conclusory allegations that Charles' counsel, as a Warren County Commissioner, gave the "perception that he controlled and could create the testimony that an alleged witness heard and saw something that did not occur." The motion was supported by an affidavit from Hopkins' counsel in which counsel averred that based upon review of the transcripts of the hearings that Charles' counsel falsely represented that evidence of the death threat was on videotape and that the threat was witnessed by the courthouse security deputy.

{¶9} The trial court issued a scheduling order on Hopkins' motion for relief from judgment, which provided Hopkins with an opportunity to depose the courthouse security deputy. In a supplemental memorandum, Hopkins asserted that the deposition of the courthouse security deputy revealed that he did not witness the death threat. The memorandum continued with a wider theory involving a conspiracy between the Mason Police Department and government officials where Charles' counsel used his position as a county commissioner to disadvantage Hopkins in the litigation.

{¶10} On May 20, 2022, the trial court issued a written decision denying Hopkins' motion for relief from judgment. Hopkins now appeals, raising a single assignment of error

for review.

{¶11} THE TRIAL COURT ERRED IN DENYING HOPKINS' MOTION FOR RELIEF FROM JUDGMENT.

{¶12} In his sole assignment of error, Hopkins argues the trial court erred by denying his motion for relief under Civ.R. 60.

{¶13} Pursuant to Civ.R. 60(B), "the court may relieve a party or his legal representative from a final judgment, order or proceedings" for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶14} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *GTE Automatic Electric v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶15} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Purcell v. Schaefer*, 12th Dist. Preble No. CA2013-09-007, 2014-Ohio-4894, ¶ 26; *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 17. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

- 5 -

{¶16} Following review, we find the trial court did not err by denying Hopkins' motion for relief from judgment. On appeal, Hopkins argues that he presented both a meritorious defense and is entitled to relief under both Civ.R. 60(B)(3) and Civ.R. 60(B)(5). We disagree for the following reasons.

**Meritorious Defense**

{¶17} Initially, Hopkins failed to demonstrate that he has a meritorious defense. In this case, there was an ex parte hearing and one day of testimony on the full hearing, which was continued in progress. During the ex parte hearing, Charles stated that Hopkins had threatened his life during the recess of the Property Dispute Case. In the full hearing, Charles' wife and daughter testified about the various forms of harassment that Hopkins had done to them. The case was scheduled for further proceedings until Hopkins voluntarily entered into the consent agreement.

{¶18} In support of his meritorious defense argument, Hopkins argues that there was no pattern of menacing by stalking. In so doing, Hopkins complains about evidence presented at the ex parte hearing but neglects testimony from Charles' wife and daughter. Hopkins argues that Charles' counsel never heard Hopkins make the death threat during the recess of the Property Dispute Case, which he claims is contrary to what counsel represented to the court. He further insists that Charles' counsel stated that the courthouse security deputy witnessed the death threat, which Hopkins now asserts is inaccurate. Therefore, he claims that he had a meritorious defense to the consent agreement that he voluntarily entered into.

{¶19} Hopkins argument is without merit. The fact that a courthouse security deputy did not witness the death threat does not mean that such an event did not occur. Charles testified at the ex parte hearing that such a threat did occur. The record contains still images showing the two in close proximity with Hopkins pointing his finger at Charles, but there is

no video evidence to fully corroborate the death threat. Hopkins was called as if upon cross and denied the altercation. Nevertheless, despite his insistence that the death threat did not occur, Hopkins went forward with the consent agreement.

**{¶20}** While Hopkins insists that there was not a "pattern" of conduct, the record states otherwise. During the full hearing, Charles' wife and daughter testified about numerous forms of harassing and intimidating behavior, including that Hopkins played loud and offensive music and sounds of gunshots, jackhammers, and barking dogs. Hopkins screamed profanity at the Goebels and threatened to sic his dogs on them, threw bags of animal feces in their yard, and shined high-intensity lights into their room. Further, Charles' wife, Diane, testified about an instance in which Hopkins drove his car off the road in an apparent attempt to intimidate her. The testimony, if believed, was sufficient to establish the necessary pattern of conduct.

**{¶21}** Based upon review of the record, we reject Hopkins' claim that there was no pattern of conduct, or menacing, to support the issuance of a civil protection order. While he may believe differently now, Hopkins entered into a valid consent agreement, which the trial court accepted. The consent agreement detailed the rights he was waiving and specifically stated that he understood a protection order would be entered against him. *See J.J. v. Kilgore*, 10th Dist. Franklin No. 20AP-401, 2021-Ohio-928, ¶ 14 (a party is presumed to have read and understood an agreement he has signed). Accordingly, Hopkins fails to present a meritorious defense or claim if the Civ.R. 60(B) were granted.

### Entitlement to Relief

**{¶22}** We likewise find that the trial court did not abuse its discretion when it found Hopkins failed to demonstrate entitlement to relief from judgment under Civ.R. 60(B)(3) and Civ. R. 60(B)(5).

**{¶23}** As to Civ.R. 60(B)(3), Hopkins again alleges that he was "tricked" into

agreeing to the consent agreement. Hopkins argument is nearly identical to the argument he raised in support of his claim that he has a meritorious defense. Hopkins argues that Charles and his counsel falsely represented that they heard Hopkins threaten to kill Charles and that the courthouse security deputy witnessed the death threat. Hopkins also argues that Charles' counsel suppressed the testimony of the courthouse security deputy by telling him he would not be a witness. He further argues that Charles misrepresented that Hopkins had threatened to sic "pit bulls" on them. Hopkins claims that the "pit bull" statement was in reference to his attorneys.

{¶24} The record simply does not support these claims. During the final hearing, Charles' counsel responded to an objection from Hopkins' counsel addressing the circumstances of the death threat. Charles' counsel merely related that "[h]ere's what I heard" and then proceeded to inform the trial court about the allegation. Charles' counsel then stated that the interaction was captured on videotape. As this court has previously stated, the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) involves deceit or misconduct where "the party seeking relief was taken by surprise when false testimony was given and was unable to meet it or did not know of its falsity until after trial." *Bowman*, 2014-Ohio-4763 at ¶ 24. In other words, the movant must show more than misrepresentation or false testimony; he must show misconduct that prevented him from fully and fairly presenting his defense. *Bank of Am., N.A. v. Kuchta*, 141 Ohio St. 3d 75, 2014-Ohio-4275, ¶ 13; *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 21.

{¶25} In this case, there was no fraud, misrepresentation, or other misconduct to support relief under Civ.R. 60(B)(3). The issue of whether Hopkins made a death threat was disputed between the parties. Hopkins denied making the death threat on the stand. He also denied threatening to sic pit bulls on the Goebels, claiming he was referring to his

lawyers. Following the close of the final hearing, the trial court continued the case in progress for additional testimony. Hopkins was well aware of the allegations Charles was making. Nevertheless, Hopkins voluntarily consented to the issuance of the protection order by signing the consent agreement.

{¶26} Hopkins attempts to avoid responsibility for the consent agreement by arguing that the testimony of the courthouse security deputy was suppressed. In so doing, he appears to mischaracterize the courthouse security deputy as counsel's employee (ostensibly because of his role as a county commissioner) and argues that he was unable to fully and fairly present a defense. He also reasserts that Charles and his counsel misrepresented evidence and committed fraud. However, these arguments are without merit. Hopkins was able to present his testimony and, again, could have presented additional evidence had he wanted. Hopkins chose to enter into the consent agreement. For the reasons stated before, even if the courthouse security deputy did not hear the death threat, that does not mean that it did not occur. Furthermore, referring to the courthouse security deputy as counsel's "employee" is misguided and unsupported by the record. If Hopkins had wanted the courthouse security deputy to testify, his attorney could have secured his appearance with a subpoena. Accordingly, Hopkins' argument as to Civ.R. 60(B)(3) is without merit.

{¶27} Finally, Hopkins argues that he was entitled to relief under Civ.R. 60(B)(5). The grounds for invoking Civ.R. 60(B)(5) must be substantial, and relief is to be granted only in unusual or extraordinary circumstances. *Robinson v. Miller Hamilton Venture, L.L.C.*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, ¶ 17.

{¶28} Here, Hopkins presents bare and conclusory allegations that because Charles' counsel is a Warren County Commissioner, he has special privileges and was able to engage in surreptitious and improper behavior for the benefit of his client. There is

nothing in the record to support this claim.  In light of the foregoing, we find that the trial court did not err in denying Hopkins' Civ.R. 60(B) motion.  Hopkins sole assignment of error is overruled.

**{¶29}**  Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.