[Cite as *Potter v. Butler Cty. Engineer's Office*, 2023-Ohio-1937.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| ZACHARY POTTER, | : | CASE NO. CA2023-01-001 |
| Appellant, | : | |
| | : | O P I N I O N<br>6/12/2023 |
| - vs - | : | |
| | : | |
| BUTLER COUNTY ENGINEER'S OFFICE, | : | |
| Appellee. | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2022-04-0564

Michael T. Gmoser, Butler County Prosecuting Attorney, and Kevin J. Gerrity, Assistant Prosecuting Attorney, for appellee.

Thomas G. Eagle Co., L.P.A., and Thomas G. Eagle, for appellant.

**S. POWELL, P.J.**

{¶ 1} Appellant, Zachary Potter, appeals the decision of the Butler County Court of Common Pleas denying his motion for relief from a judgment granted to appellee, Butler County Engineer's Office ("BCEO"). For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2}   On April 11, 2022, Potter filed a pro se complaint seeking to vacate the border line between certain real property located in Madison Township, Butler County Ohio, as determined by BCEO and recorded with the Butler County Recorder as Book 9491, Page 1272.  Potter brought this complaint pursuant to R.C. 711.17, which provides:

> Upon the application of two thirds of the proprietors of land described in a plat of a municipal corporation, the court of common pleas may alter or vacate the plat of any such municipal corporation, addition thereto, or parts thereof, within the county.

{¶ 3}   On April 26, 2022, BCEO filed a Civ.R. 12(B)(6) motion to dismiss Potter's complaint for failing to state a claim upon which relief could be granted.  Within this motion, BCEO also alleged Potter's complaint was barred by the doctrine of res judicata.  Specifically, as it relates to whether the doctrine of res judicata applied to bar Potter's claim, BCEO alleged:

> [Potter's] property line dispute arose in the early part of 2020 and was litigated before being dismissed with prejudice upon agreement of the parties when they entered into a settlement agreement.  [Potter] was permanently enjoined from entering upon his neighbor's lands, the border having been defined by the Court subsequent to a survey conducted by the Butler County Engineer.  While [Potter] was a defendant in the prior matter, he filed counterclaims against [his neighbor].  It is the same property line disputed in the prior litigation that is at issue here.

Therefore, as BCEO argued, Potter should be barred by the doctrine of res judicata from seeking the same relief he was previously denied by petitioning the trial court anew pursuant to R.C. 711.17.

{¶ 4}   On May 5, 2022, the trial court issued an entry that converted BCEO's motion to dismiss to a Civ.R. 56 motion for summary judgment.  The trial court also set a series of deadlines for Potter and BCEO to adhere now that BCEO's motion had been converted into

a motion for summary judgment.

{¶ 5} On May 15, 2022, BCEO filed four exhibits in support of its newly converted motion for summary judgment. This included BCEO's original survey previously filed with the trial court in Case No. CV2020-02-0391 over a year and a half earlier, on October 7, 2020. This also included the agreed entry of dismissal with prejudice that had been filed with the trial court in Case No. CV2020-02-0391 on March 29, 2021. Potter responded to BCEO's filing by submitting several of his own exhibits to the trial court on June 13, 2022.

{¶ 6} On July 8, 2022, the trial court granted BCEO's motion for summary judgment. In so holding, the trial court initially found with regard to the question of whether the doctrine of res judicata applied:

> [Potter] seeks to vacate the survey conducted by [BCEO] pursuant to a court order in CV 2020 02 0391. [Potter] had a full opportunity to raise and litigate any issues with the survey in the previous case. Accordingly, [Potter's] claim is barred by res judicata.

{¶ 7} The trial court also found as it relates to the applicability of R.C. 711.17:

> First, [Potter's] property is not located in a municipality. Second, [Potter's] complaint does not clearly contain signatures of two-thirds of the landowners, and third, the document [Potter] seeks to alter is not a plat but merely a survey to establish a section line and that does not fall within the scope of R.C. §711.17.

{¶ 8} This was in addition to the trial court finding:

> The face of the document [Potter] seeks to vacate states that it is a survey of a section line located in Madison Township. [Potter] is not seeking to vacate a plat of a municipal corporation thus R.C. §711.17 cannot provide the relief requested.

{¶ 9} On July 17, 2022, Potter, still appearing pro se, filed a motion requesting the trial court reconsider its decision to grant summary judgment to BCEO. The trial court denied Potter's motion for reconsideration on July 29, 2022. The trial court did this by noting the well-established principle that final orders are not subject to motions for reconsideration.

- 3 -

*See AK Steel Corp. v. State*, 12th Dist. Butler No. CA2002-02-042, 2003-Ohio-1610, ¶ 24 ("[a] motion for reconsideration of a final judgment in the trial court is a nullity, but it is the proper procedural vehicle for obtaining relief after interlocutory orders"), citing *Pitts v. Ohio Dept. of Transp.*, 67 Ohio St.2d 378, 379 (1981).

{¶ 10} On October 7, 2022, Potter, now represented by counsel, filed a motion for relief from the trial court's judgment granting summary judgment to BCEO. Potter brought this motion pursuant to Civ.R. 60(B)(1), (3), (4), and (5). BCEO filed its response in opposition to Potter's motion on October 21, 2022. Six weeks later, on December 1, 2022, the trial court issued a decision denying Potter's motion for relief from judgment. In so holding, the trial court determined that Potter had failed to demonstrate that he was entitled to relief from judgment under Civ.R. 60(B)(1), (3), (4), or (5).

{¶ 11} On January 3, 2023, Potter filed a timely notice of appeal from the trial court's decision. Oral argument was held before this court on May 8, 2023. Potter's appeal now properly before this court for decision, Potter has raised one assignment of error for review.

**Potter's Appeal and Single Assignment of Error**

{¶ 12} In his assignment of error, Potter argues the trial court erred by denying his motion for relief from judgment brought pursuant to Civ.R. 60(B)(1), (3), (4), and (5). Under these circumstances, we apply the following standard of review.

*Civ.R. 60(B) Standard of Review*

{¶ 13} "'Civ.R. 60(B) provides the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment.'" *Morrison v. Liberty Mut. Ins. Co.*, 12th Dist. Butler No. CA2021-12-163, 2022-Ohio-2458, ¶ 19, quoting *Combs v. Children's Med. Ctr.*, 12th Dist. Butler No. CA95-12-217, 1996 Ohio App. LEXIS 3229, *9-*10 (July 29, 1996). Civ.R. 60(B) does this by striking a balance "between the competing principles of finality of judgments and perfect results by vesting the courts

with broad, but not unlimited, authority to set aside judgments." *Bish Constr., Inc. v. Wickham*, 3d Dist. Seneca No. 13-12-16, 2013-Ohio-421, ¶ 18, citing *Crouser v. Crouser*, 39 Ohio St. 3d 177, 180-181, (1988). Specifically, pursuant to Civ.R. 60(B)(1), (3), (4), and (5), the four subsections relevant to the case at bar:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.

{¶ 14} "The policy in Ohio is to afford Civ.R. 60(B) relief where equitable." *Robinson v. Miller Hamilton Venture, L.L.C.*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, ¶ 14, citing *Southern Ohio Coal Co. v. Kidney*, 100 Ohio App.3d 661, 668 (4th Dist.1995). To that end, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party must demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B); and, (3) the motion is made within a reasonable time. *Reynolds v. Turull*, 12th Dist. Butler No. CA2018-10-197, 2019-Ohio-2863, ¶ 9, citing *GTE Automatic Electric, Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). Therefore, as this court has stated previously, "[a] failure to establish any one of these three requirements will cause the motion to be overruled." *Washington Mut. Bank, F.A. v. Christy*, 12th Dist. Butler No. CA2003-03-075, 2004-Ohio-92, ¶ 8, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20 (1988).

{¶ 15} This court will not reverse a trial court's decision to deny a Civ.R. 60(B) motion for relief from judgment absent an abuse of discretion. *Aurora Loan Servs. v. Brown*, 12th Dist. Warren No. CA2010-01-010, 2010-Ohio-5426, ¶ 34. "An abuse of discretion connotes more than an error of law or judgment; it implies the trial court acted unreasonably, arbitrarily, or unconscionably." *Middletown App., Ltd. v. Singer*, 12th Dist. Butler Nos. CA2018-08-165 and CA2018-11-224, 2019-Ohio-2378, ¶ 12, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "'[T]he vast majority of cases in which an abuse of discretion is asserted involve claims that the decision is unreasonable.'" *Southwestern Ohio Basketball, Inc. v. Himes*, 12th Dist. Warren No. CA2020-08-045, 2021-Ohio-415, ¶ 34, quoting *Effective Shareholder Solutions v. Natl. City Bank*, 1st Dist. Hamilton Nos. C-080451 and C-090117, 2009-Ohio-6200, ¶ 9. "A decision is unreasonable where it is not supported by a sound reasoning process." *Nationwide Agribusiness Ins. Co. v. Heidler*, 12th Dist. Clinton Nos. CA2018-06-003, CA2018-07-004, CA2018-09-012, and CA2018-09-015, 2019-Ohio-4311, ¶ 46.

*Potter's Arguments and Analysis*

{¶ 16} Potter initially argues the trial court erred by finding he had not demonstrated that he was entitled to relief from judgment under Civ.R. 60(B)(1). That rule provides authority for a trial court to grant a party relief from judgment for mistake, inadvertence, surprise, or excusable neglect. "A mistake under Civ.R. 60(B)(1) contemplates a mistake by a party or his legal representative." *Doyle v. St. Clair*, 9th Dist. Lorain No. 16CA010967, 2017-Ohio-5477, ¶ 14. "Typically, courts grant relief based on mistake when the mistake is a mutual mistake, shared by both parties, regarding a material fact." *Sites v. Sites*, 4th Dist. Lawrence No. 22CA2, 2023-Ohio-1278, ¶ 16. "Inadvertence is '[a]n accidental oversight; a result of carelessness.'" *PHH Mtge. Corp. v. Northup*, 4th Dist. Pickaway No. 11CA6, 2011-Ohio-6814, ¶ 15, quoting *Guider v. Am. Heritage Homes Corp.*, 3d Dist. Logan No. 8-07-

16, 2008-Ohio-2402, ¶ 7, quoting Black's Law Dictionary (7th Ed.1999) 762.

{¶ 17} What constitutes excusable neglect, however, is '"an elusive concept which has been difficult to define and apply."' *SVG Motors LLC v. Caston's Design Group., Inc.*, 2d Dist. Montgomery No. 29172, 2022-Ohio-286, ¶ 29, quoting *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). The term is nevertheless understood to mean some action '"not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident."' *Emery v. Smith*, 5th Dist. Stark Nos. 2005CA00051 and 2005CA00098, 2005-Ohio-5526, ¶ 16, quoting *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 536, fn. 8 (4th Dist.1997). Therefore, "[n]eglect is inexcusable if a party's conduct falls substantially below what is reasonable under the circumstances or if the neglect can be regarded as a 'complete disregard for the judicial system.'" *Total Quality Logistics, LLC v. Deltex Food Prods.*, 12th Dist. No. CA2021-10-059, 2022-Ohio-1274, ¶ 24, quoting *Kay* at 20.

{¶ 18} To support his Civ.R. 60(B)(1) claim, Potter argues that due to his failure to bring forth the "actual facts" of the case upon which BCEO relied when moving the trial court for summary judgment, the trial court rendered an "erroneous judgment" in BCEO's favor that was based upon an "incorrect application" of the doctrine of res judicata. However, just as the trial court found, Potter did not then, nor does he now, offer any explanation for how this constitutes a mistake, inadvertence, or surprise that would entitle him to relief under Civ.R. 60(B)(1). Potter has also not provided any reason for why it was excusable neglect for him not to bring the so-called "actual facts" of the case to the trial court's attention when given the opportunity to do so, or why he was justified in failing to notify the trial court of the "actual facts" of the case any earlier than he did. Simply claiming the trial court was not presented with the "actual facts" necessary to render a decision does not provide an adequate basis to justify relieving a party from a judgment under Civ.R.

60(B)(1). This holds true even though Potter was acting pro se in the underlying action. Appearing pro se "is neither excusable neglect nor any other reason justifying relief from judgment." *Ragan v. Akron Police Dept.*, 9th Dist. Summit No. 16200, 1994 Ohio App. LEXIS 137, *7 (Jan. 19, 1994). Civ.R. 60(B)(1) should not be used "to relieve pro se litigants who are careless or unfamiliar with the legal system." *Gamble Hartshorn, LLC v. Lee*, 10th Dist. Franklin No. 17AP-35, 2018-Ohio-980, ¶ 26, quoting *Dayton Power & Light v. Holdren*, 4th Dist. Highland No. 07CA21, 2008-Ohio-5121, ¶ 12. To the extent Potter claims otherwise, such argument lacks merit.

{¶ 19} Potter also argues the trial court erred by finding he had not demonstrated that he was entitled to relief from judgment under Civ.R. 60(B)(3). That rule provides authority for a trial court to grant a party relief from judgment for fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party. Potter supports his Civ.R. 60(B)(3) claim by arguing BCEO engaged in fraud, misrepresentation, or misconduct when it failed to bring forth the "actual facts" of the case upon which it relied to support its motion for summary judgment based upon the doctrine of res judicata. However, as this court has stated previously, "the fraud, misrepresentation, or other misconduct contemplated by Civ.R. 60(B)(3) involves deceit or misconduct where 'the party seeking relief was taken by surprise when false testimony was given and was unable to meet it or did not know of its falsity until after trial.'" *Goebel v. Hopkins*, 12th Dist. Warren No. CA2022-06-042, 2022-Ohio-4718, ¶ 24, quoting *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 24. "In other words, the movant must show more than misrepresentation or false testimony; he must show misconduct that prevented him from fully and fairly presenting his defense." *Id.*, citing *Bank of Am., N.A. v. Kuchta*, 141 Ohio St. 3d 75, 2014-Ohio-4275, ¶ 13; and *State v. Berry*, 12th Dist. Clermont No. CA2013-11-084, 2014-Ohio-2715, ¶ 21.

{¶ 20} After a thorough review of the record, we find the record devoid of any evidence to indicate BCEO prevented Potter from fully and fairly presenting his defense against BCEO's summary judgment motion. The record instead firmly establishes that Potter received a copy of BCEO's motion for summary judgment and filed a responsive pleading in opposition to said motion setting forth a defense to the motion. Therefore, just as the trial court found, any failure that Potter may have had in presenting his defense was not the result of fraud, misrepresentation, or other misconduct on the part of BCEO. The failure, if there was one at all, was the result of Potter himself not advising the trial court of the information—the supposed "actual facts" of the case—that he believed necessary to support the defense he raised to combat BCEO's summary judgment motion. Accordingly, because the record in this case is devoid of any evidence to indicate BCEO prevented Potter from fully and fairly presenting his defense against BCEO's motion for summary judgment, the trial court did not err by finding Potter had failed to demonstrate that he was entitled to relief from judgment under Civ.R. 60(B)(3). To the extent Potter claims otherwise, such argument again lacks merit.

{¶ 21} Potter next argues the trial court erred by finding he had not demonstrated that he was entitled to relief from judgment under Civ.R. 60(B)(4). That rule provides authority for a trial court to grant a party relief from judgment where the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. Potter supports his Civ.R. 60(B)(4) claim by arguing it is no longer equitable for the trial court's judgment to have prospective application because it "stands in contravention of the complete facts" relevant to BCEO's motion for summary judgment and the "applicable law" upon which it was based, i.e., the doctrine of res judicata. Potter, however, does not allege the summary judgment standard or the principles underlying the

doctrine of res judicata have changed since the trial court's judgment was issued. Rather, as noted above, Potter instead argues the trial court rendered an "erroneous judgment" in BCEO's favor based upon an "incorrect application" of the doctrine of res judicata. "Civ.R. 60(B)(4) 'was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control.'" *Hussain v. Hussain*, 12th Dist. Butler No. CA2019-01-024, 2020-Ohio-531, ¶ 54, quoting *Knapp v. Knapp*, 24 Ohio St.3d 141, 146 (1986). It was not designed to "relieve parties of the consequences of their voluntary, deliberate choices." *Id.* Therefore, considering the facts of this case, the trial court did not err by finding Potter had failed to demonstrate that he was entitled to relief from judgment under Civ.R. 60(B)(4).

{¶ 22} Potter lastly argues it was error for the trial court to find he had not demonstrated that he was entitled to relief from judgment under Civ.R. 60(B)(5). That rule provides authority for a trial court to grant a party relief from judgment for any other reason justifying relief not already set forth within Civ.R. 60(B)(1) to (4). *See Myers v. Lawson*, 12th Dist. Warren No. CA2012-07-068, 2013-Ohio-2500, ¶ 15 ("Civ.R. 60[B][5] should not be used as a substitute for any of the other more specific provisions of Civ.R. 60[B]"). To that end, Civ.R. 60(B)(5) "is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." *In re P.L.H.*, 12th Dist. Butler No. CA2018-01-009, 2018-Ohio-3853, ¶ 23, citing *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66 (1983). However, although intended to be a catch-all provision, Civ.R. 60(B)(5) is nevertheless left for matters of extraordinary and unusual nature where the interest of justice so calls for it. *U.S. Bank, N.A. v. Muma*, 12th Dist. Butler No. CA2020-05-060, 2021-Ohio-629, ¶ 20. This necessarily means the grounds for invoking relief under Civ.R. 60(B)(5) must be substantial. *Lebanon Auto Parts v. Dracakis*, 12th Dist. Warren No. CA99-09-110, 2000 Ohio App. LEXIS 1781, *10 (Apr. 17, 2000).

Consequently, Civ.R. 60(B)(5) must be given a narrow application and should not be used merely as a substitute for the filing of a direct appeal. *Faber v. Crowell*, 12th Dist. Preble No. CA99-07-015, 2000 Ohio App. LEXIS 485, *6-*7 (Feb. 14, 2000).

{¶ 23} To support his Civ.R. 60(B)(5) claim, Potter again argues that because the trial court did not have the "actual facts" of the case upon which BCEO relied in moving the trial court for summary judgment, the trial court rendered an "erroneous judgment" in BCEO's favor that was based upon an "incorrect application" of the doctrine of res judicata. However, as the record indicates, Potter had both the duty and the opportunity to provide the trial court with the "actual facts" of the case relied upon by BCEO and chose, for whatever reason, not to provide that information to the trial court. Civ.R. 60(B)(5) will not operate to relieve a party who ignores his or her duty to take the legal steps necessary to protect their own interests. *Robinson v. Miller Hamilton Venture, LLC*, 12th Dist. Butler No. CA2010-09-226, 2011-Ohio-3017, ¶ 17. Civ.R. 60(B)(5) will also not operate to excuse "an error or omission created by the failure of a party to produce evidence when that party has the duty and the opportunity to do so." *Stuller v. Rice*, 10th Dist. Franklin Nos. 02AP-29 and 02AP-267, 2003-Ohio-583, ¶ 29. Therefore, because the catch-all provision found in Civ.R. 60(B)(5) does not apply in circumstances such as these, i.e., instances where the moving party believes the trial court's decision was incorrect, the trial court did not err by finding Potter had failed to demonstrate that he was entitled to relief from judgment under Civ.R. 60(B)(5). To the extent Potter claims otherwise, Potter's argument once again lacks merit.

## Conclusion

{¶ 24} For the reasons outlined above, and finding no merit to any of Potter's arguments raised herein, Potter's single assignment of error lacks merit and is overruled.

{¶ 25} Judgment affirmed.

- 11 -

HENDRICKSON and PIPER, JJ., concur.