[Cite as *Steve Robertson Trucking, L.L.C. v. Todd*, 2024-Ohio-1634.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


|  |  |  |
|---|---|---|
| STEVE ROBERTSON TRUCKING, LLC, | : | |
| Appellee, | : | CASE NO. CA2023-03-031 |
| | : | O P I N I O N |
| - vs - | | 4/29/2024 |
| | : | |
| RYAN TODD aka ANTHONY TODD | : | |
| aka RYAN ANTHONY PRESTON TODD | | |
| aka RYAN ANTHONY TODD, | : | |
| Appellant. | | |


CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2021 02 0161


Reardon & Chasar LPA, and Matthew R. Chasar and Joseph M. Sprafka III, for appellee.

Ryan Todd, pro se.



**PIPER, J.**

{¶ 1} Appellant, Ryan Todd, appeals a decision of the Butler County Court of Common Pleas denying his Civ. R. 60(B) motion for relief from judgment. This case stems from a contractual dispute between the parties. However, resolution of the dispute has been repeatedly delayed. Todd now attempts to vacate the final judgment claiming his failure to attend the bench trial was due to excusable neglect.

**Relevant Facts**

**{¶ 2}** On February 3, 2021, appellee, Steve Robertson Trucking ("SRT"), filed a complaint against Todd for breach of contract, injunctive relief, replevin, and conversion. According to the complaint, Todd subleased trailers from SRT and then defaulted on the payments. SRT demanded that Todd return the trailers, but he refused. SRT later learned that one of the trailers had been damaged and impounded. SRT regained possession of the damaged trailer after incurring impoundage fees. SRT's complaint sought, inter alia, money damages and the return of the other trailer.[1] Todd initially filed a pro se answer to the complaint. However, he subsequently retained counsel who was permitted leave to file an amended answer and counterclaim. On March 18, 2022, the matter was set for trial on November 7, 2022.

**{¶ 3}** Todd's counsel later filed a motion to withdraw from the case, which the trial court granted. The trial court had previously scheduled a hearing on a motion for injunctive relief for July 7, 2022. However, one day prior to the hearing on the motion for injunctive relief, Todd filed a pro se motion for a continuance. In his motion, Todd stated that he was looking for new legal counsel but was having difficulty because he had been in an accident. He attached an unsigned letter purportedly from a nurse dated June 20, 2022, that stated:

> [Todd] has suffered from a severe head trauma with concussion starting on 5/11/2022. Patient has continued to suffer from post concussive syndrome with acute memory loss presently and is actively seeking treatment. At this time he is unable to participate in acute legal judgements due to his lack of short term memory post concussive syndrome. A projected date can be determined after continued monitoring in the next 30 days. (sic)

---

1. SRT alleges that Todd, from the very start, has sought to delay resolution of this matter. SRT attached text messages where Todd reportedly wrote he would "drag this out as long as I can. You will end up getting no money if I owed you and will end up having to file with courts to get the sub leases trailers back." (sic).

The trial court granted the motion for a continuance and set the hearing for September 22, 2022 (approximately two-and-one-half months later).

**{¶ 4}** On September 22, 2022, Todd filed another pro se motion for a continuance. In his motion, Todd again referred to his brain injury, but did not provide any additional information, only "I still have traumatic brain injury/extreme short term memory issues." Todd then suggested that he had secured representation and named an attorney. However, Todd claimed that he had been unaware of the date for the hearing and was not able to meet with counsel beforehand. The trial court denied the motion, noting it was filed less than 30 minutes before the hearing.[2] Todd did not appear for the hearing and neither did the attorney he suggested was representing him.

**{¶ 5}** On November 7, 2022, the trial court held a bench trial on the complaint and counterclaim. Todd failed to appear for the bench trial.[3] On December 5, 2022, the trial court ruled in favor of SRT and entered judgment against Todd for breach of contract in the amount of $73,147.95, conversion in the amount of $9,950.00, punitive damages in the amount of $19,900.00, and attorney's fees in the amount of $37,616.50. Todd did not appeal that judgment.

**{¶ 6}** About three months later, Todd retained counsel who entered their appearance on March 9, 2023, and filed a Civ.R. 60(B) motion for relief from judgment that same day. In the motion, Todd stated that he was unaware of the trial date and claimed he was entitled to relief under Civ.R. 60(B)(1) and (5).[4] Todd argued that his

---

2. We note that Todd left a message with this court during the weekend before oral argument and followed up with a last minute motion to continue our oral argument, which was denied. Fortunately, he was able to be present to represent himself pro se.

3. A transcript of proceedings was not filed in this appeal.

4. Todd's counsel who filed the Civ.R. 60(B) motion and this appeal later withdrew from the case.

brain injury hinders his short-term memory and that his absence from trial was excusable due to his lack of counsel and his "individual restrictions." The trial court denied Todd's motion. Todd now appeals the trial court's denial of his Civ.R. 60(B) motion to vacate the prior judgment, raising a single assignment of error for review.

**Appeal**

{¶ 7} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.

{¶ 8} In his sole assignment of error, Todd argues the trial court abused its discretion by denying his motion for relief from judgment. Civ.R. 60(B) provides that the trial court may relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party;
>
> (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (5) any other reason justifying relief from the judgment.

{¶ 9} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. *Reynolds v. Turull*, 12th Dist. Butler No. CA2018-10-197, 2019-Ohio-2863, ¶ 9, citing *GTE Automatic Electric v.*

*ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 10} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. *Purcell v. Schaefer*, 12th Dist. Preble No. CA2013-09-007, 2014-Ohio-4894, ¶ 26; *Bowman v. Leisz*, 12th Dist. Warren No. CA2014-02-029, 2014-Ohio-4763, ¶ 17. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 11} In the present case, the trial court found that Todd failed to satisfy the second prong of the analysis that he was entitled to relief on one of the grounds set forth in Civ.R. 60(B)(1) through (5). The trial court considered Todd's argument regarding excusable neglect but concluded that it was incumbent upon Todd to account for his brain injury. Todd failed to present any operative facts to suggest how the claimed brain injury prevented him from obtaining counsel, defending himself, or even updating the court on his medical condition.[5] Therefore, the trial court denied the Civ.R. 60(B) motion for relief from judgment.

{¶ 12} In his brief, Todd suggests the trial court held he "only failed to meet the second prong" of the Civ.R. 60(B) test. However, the trial court did not implicitly rule in favor of Todd on the other two requirements. Rather, the trial court determined that further analysis was unnecessary because Todd failed to meet one of the three necessary requirements to succeed on a motion for relief from judgment. *Aurora Loan Servs. v. Brown*, 12th Dist. Warren Nos. CA2010-01-010 and CA2010-05-041, 2010-Ohio-5426, ¶

---

5. Todd never produced any medical records, documents from treating physicians, or any reliable verification of either his claimed injury or alleged medical condition.

35, citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).

{¶ 13} Following review, we find no error in the trial court's decision denying Todd's motion. It is true that a demonstrated medical condition, under certain circumstances, can be a compelling reason to establish excusable neglect. *McHenry v. McHenry*, 2d Dist. Montgomery No. 20222, 2004-Ohio-2191, ¶ 12. However, a party with a chronic or long-lasting medical condition knows about the condition and must be able to account for it. *Everbank v. Vanarnhem*, 3d Dist. Union No. 14-13-02, 2013-Ohio-3872, ¶ 22.[6] General or unspecified medical problems do not form a basis for excusable neglect. *Mtge. Lenders Network USA, Inc. v. Riggins*, 9th Dist. Summit No. 22901, 2006-Ohio-3292, ¶ 16.

{¶ 14} The circumstances sub judice do not entitle Todd to relief as excusable neglect. Contrary to Todd's arguments otherwise, we agree with the trial court's analysis below. Todd knew about his condition approximately six months before the scheduled bench trial. He was also well aware that he was unrepresented by counsel. Todd simply failed to present operative facts to suggest a medical condition prevented him from obtaining counsel, defending the action himself, or by providing the trial court with updates to his condition. He offered only general, vague, and conclusory statements about any continuing symptoms.

{¶ 15} While Todd repeatedly refers to the nurse's letter as supporting his argument, we note the letter was dated June 20, 2022, and stated that Todd was to be reevaluated in 30 days. He provided no information about the reevaluation or whether any reevaluation had even occurred. He provided only the one conclusory statement that

---

6. This does not mean that a party suffering from chronic or long-lasting medical condition could never establish excusable neglect, but such circumstances are best left to the discretion of the trial court. *See Everbank* at ¶ 22.

"I still have traumatic brain injury/extreme short term memory issues." In short, the information provided by Todd does not show that his failure to attend the November 2022 bench trial was due to excusable neglect. This holds true even though Todd was unrepresented by counsel in the underlying action. *Potter v. Butler Cty. Engineer's Office*, 12th Dist. Butler No. CA2023-01-001, 2023-Ohio-1937, ¶ 18. Civ.R. 60(B)(1) should not be used "to relieve pro se litigants who are careless or unfamiliar with the legal system." *Id.*, citing *Gamble Hartshorn, L.L.C. v. Lee*, 10th Dist. Franklin No. 17AP-35, 2018-Ohio-980, ¶ 26.

{¶ 16} Accordingly, we find the trial court did not abuse its discretion by denying Todd's Civ.R. 60(B) motion for relief. In addition, we find the trial court did not err by doing so without a hearing, as there were no operative facts to support his claims for relief. *Kutz v. Kutz*, 12th Dist. Madison No. CA2012-08-017, 2013-Ohio-532, ¶ 9. We further note Todd does not present argument as to Civ.R. 60(B)(5), as he did in the trial court below, and therefore any such argument is forfeited. *State v. Gwynne*, 158 Ohio St.3d 279, 2019-Ohio-4761, ¶ 10 ("An argument is forfeited when it is not timely asserted"), citing *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 21.

**Conclusion**

{¶ 17} Todd failed to satisfy the second prong of the analysis that he was entitled to relief on one of the grounds set forth in Civ.R. 60(B)(1) through (5). Accordingly, the trial court did not abuse its discretion by denying Todd's Civ.R. 60(B) motion. Todd's sole assignment of error is overruled.

{¶ 18} Judgment affirmed.

S. POWELL, P.J., and HENDRICKSON, J., concur.